J-A26042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3161 EDA 2019 |

Appeal from the PCRA Order Entered October 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007874-2014

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 16, 2020**

Appellant Jose Williams appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on October 10, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

On October 20, 2014, Appellant entered a negotiated guilty plea to third degree murder and possession of a firearm without a license[2] and was sentenced to an aggregate term of twenty (20) years to forty (40) years in prison.  In his direct appeal filed *nunc pro tunc*, Appellant challenged the guilty

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 2502(c) and 6106, respectively.

plea court's jurisdiction, the legality of his sentence and the effectiveness of guilty plea counsel.

In addition, his court-appointed counsel sought permission from this Court to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Following review, this Court affirmed Appellant's judgment of sentence and granted counsel leave to withdraw in an unpublished memorandum decision after finding his claims to be "wholly frivolous." **See Commonwealth v. Williams**, No. 3622 EDA 2016, 2018 WL 1736657, at *1 (Pa.Super. Apr. 11, 2018).

On December 18, 2018, Appellant filed the instant PCRA petition wherein he again challenged the validity of his guilty plea, the legality of his sentence and the effectiveness of counsel. He also sought post-conviction relief based on after-discovered evidence. Newly appointed PCRA counsel filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), and the PCRA court issued a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant filed *pro se* objections to appointed counsel's **Finley** letter, and the PCRA court thereafter dismissed the PCRA petition on October 10, 2019. On October 22, 2019, Appellant filed his notice of appeal.

In his brief, Appellant frames his questions for this Court's review, verbatim, as follows:

> 1. The Appellant is challenging venue as he believes the crime did not happen in Philadelphia County & ask[s] the Court if they [sic] could please verify (4100 Island Ave.)
>
> 2. The Lower Court failure of Defendant/Petitioner due process. . .
>
> 3. Trial Counsel was ineffective, also both appeal counsels where [sic] ineffective for failure to reconize [sic] trial counsel ineffectivenss[.] All (3) three counsel failure to reconize [sic] Appellant (due process) violations.
>
> 4. The Lower Court imposed an illegal sentence.

Brief for Appellant at 3 (unnecessary capitalization omitted).

When reviewing the denial of a PCRA petition, this Court must determine whether the PCRA court's order is supported by the record and free of legal error. **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018). We are bound by a PCRA court's credibility determinations, but with regard to a court's legal conclusions, we apply a *de novo* standard. **Id.**

Initially, we note that Appellant has failed to develop a coherent legal argument in support of his first issue in his appellate brief.[3] "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa.Super. 2007) (citation, quotation marks and brackets omitted). While this Court may overlook minor defects or omissions in an

---

[3] This is not surprising in light of the fact that the shooting death occurred on May 13, 2014, at the Four Points Sheraton near the Philadelphia International Airport whose address is 4103 Island Avenue, Philadelphia PA. N.T. 10/19/15, at 162.

- 3 -

appellant's brief, it will not act as his or her appellate counsel. ***Bombar v. W. Am. Ins. Co.,*** 932 A.2d 78, 93 (Pa.Super. 2007). It follows that this issue has been waived.

Moreover, to the extent Appellant attempts to argue the trial court lacked subject matter jurisdiction to hear his plea, we observe this Court found this issue to be meritless on direct appeal. As this Court reasoned:

> As [trial counsel] correctly notes, jurisdiction relates to the power of a court to hear and rule upon the controversy presented. ***See Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003). Every Court of Common Pleas in Pennsylvania has jurisdiction to hear a controversy arising out of allegations of criminal activity occurring in Pennsylvania. ***See id.***
>      [Appellant] has presented no reasoning to support his belief that the Court of Common Pleas of Philadelphia County lacked jurisdiction to hear his guilty plea. Thus, we agree with Attorney Kauffman that Williams's first issue on appeal is meritless.

***Commonwealth v. Williams***, 2018 WL 1736657, at *1 (Pa.Super. Apr. 11, 2018).

To be entitled to relief under the PCRA, a petitioner must plead and prove, *inter alia*, "that the allegation of error has not been previously litigated or waived." ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa.Super. 2005). ***See*** 42 Pa.C.S.A. § 9543(a)(3) (settling forth requirement that for purposes of obtaining PCRA relief, an issue must not have been previously litigated). A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of this issue. 42 Pa.C.S.A. § 9544(a)(2).

- 4 -

In addition, an "appellant cannot obtain post-conviction review of claims previously litigated on appeal by challenging ineffective assistance of prior counsel and presenting new theories of relief to support previously litigated claims." *Commonwealth v. Santiago*, 855 A.2d 682, 697 (Pa. 2004) (quoting *Commonwealth v. Beasley*, 678 A.2d 773, 778 (Pa. 1996)). *See also Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa.Super. 2000) (stating that a PCRA petitioner cannot obtain PCRA review of previously litigated claims by presenting those claims again in a PCRA petition and setting forth new theories in support thereof). In light of the foregoing, Appellant's first claim affords him no basis for PCRA relief.

In his next two, related issues, Appellant maintains his "due process" rights have been violated in numerous ways and that all prior counsel were ineffective in failing to discern and challenge these violations. Specifically, Appellant avers that all prior counsel have been ineffective for failing to recognize he was actually innocent of the charged crimes.

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v.*

***Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***. Further, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." ***Id.*** at 528-29.

A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Fluharty***, 632 A.2d 312 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the

burden to prove otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523

(Pa.Super. 2003).

When analyzing this issue, the PCRA court observed the following:

> In his petition, [Appellant] claims that plea counsel "made little effort to present a defense to [Appellant]," and that on the day of trial, counsel was "unprepared" and that he instructed [Appellant] to "take the deal or leave prison in a body bag." He argues that counsel coerced his family to persuade him to plead guilty "even though [Appellant] maintained his innocence." He further argues that he had already paid counsel $20,000 to prepare a defense and that counsel told him the money was "gone." [Appellant] claims that based upon these circumstances, his "only recourse was a guilty plea." None of these arguments are sufficient to prove ineffective assistance of counsel or to allow withdrawal of his guilty plea. [Appellant] offers no proof to support any of these claims beyond his own allegations and speculation. Second, there is nothing in the record that would indicate that [Appellant's] guilty plea was anything but voluntary. At the guilty plea sentencing, the court and defense counsel conducted an extensive and thorough on-the-record colloquy which "affirmatively demonstrate[d] [Appellant] understood what the plea connoted and its consequences:"

>> DEFENSE COUNSEL: Now, the final thing is, is this plea voluntary? So I have to ask you. First of all, are you presently under the influence of any drugs, alcohol, medicine or anything else that would prevent you from understanding what you're doing today?
>> [APPELLANT]: No.
>> DEFENSE COUNSEL: All right. And has anybody forced you or threatened you-me, your family or anybody else-has anybody forced you or threatened you to take this guilty plea?
>> [APPELLANT]: No.
>> DEFENSE COUNSEL: Do you understand that the decision to plead guilty is yours, and yours alone, and I can take this piece of paper, wrap it up and throw it in that trash can and you can go to trial now if you want to do that. Do you understand that?
>> [APPELLANT]: Yes.

> DEFENSE COUNSEL: Okay, Are you satisfied with my representation in this case?
> [APPELLANT]: Yes.
> DEFENSE COUNSEL: Do you have any questions whatsoever of-if you do have questions, you are going to ask me first, but do you have any questions whatsoever of the judge, the District Attorney or myself?
> DEFENDANT: No.
>
> (NT 10/20/15, p, 11-12). The record is clear that [Appellant] understood the nature of the proceedings, the charges against him and the sentence to be imposed; therefore, the voluntariness of the plea has been established. *Id*. at 6-11. There is nothing that indicates that [Appellant] was under duress or was being coerced by defense counsel to take the plea as claimed by [Appellant]. Since [Appellant] has failed to meet his burden of proving involuntariness, no relief is due.

Trial Court Opinion, filed 6/15/20, at 5-6.

Following our review of the certified record, we find support for the trial court's conclusion that Appellant was in no way coerced into pleading guilty, and we discern no legal error in its finding that his constitutional right to due process has not been violated. In this vein, after acknowledging that the guilty plea court had declined to address this issue and finding it was not ripe for review on direct appeal, this Court observed, in dictum, "[t]here is no evidence of record to support this allegation. Indeed, the transcript from the guilty plea would contradict this claim." *Commonwealth v. Williams*, 2018 WL 1736657, at *2 (Pa.Super. April 11, 2018).

Finally, Appellant challenges the legality of his negotiated sentence of twenty (20) years to forty (40) years in prison to which he agreed and the

trial court imposed. When considering the alleged illegality of Appellant's sentence on direct appeal, this Court stated:

> Next, [Appellant] contends the court imposed an illegal sentence. "The classic claim of an 'illegal sentence' is one that exceeds the statutory limits." **Commonwealth v. Hansley**, 47 A.3d 1180, 1189 (Pa. 2012) (citation omitted). [Appellant] has set forth no other grounds for his belief that the sentence is illegal.
>
> The statutory maximum sentence for third degree murder is 40 years in prison. **See** 18 Pa.C.S.A. § 1102(d). Therefore, [Appellant's] sentence of 20–40 years in prison does not exceed the statutory maximum.

**Id**. at *1–2. Thus, this issue has been previously litigated, **see Santiago**, **supra**, and, as such, it is not a basis for PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/20